IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN SYNBORSKI, | CASE NO. |
| Plaintiffs, | JUDGE |
| vs. | **ANSWER AND DEFENSES OF DEFENDANT AEG PRESENTS OHIO, LLC** |
| AEG PRESENTS, LLC, et al., | |
| Defendants. | |

Now comes Defendant AEG Presents Ohio, LLC ("Defendant"), and states for its Answer and Defenses to the Complaint of Plaintiff Benjamin Synborski ("Plaintiffs") as follows:

1. Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 is not directed to the Answering Defendant such that no response is required. However, to the extent a response is necessary, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Paragraph 5 is not directed to the Answering Defendant such that no response is required. However, to the extent a response is necessary, Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 is not directed to the Answering Defendant such that no response is

required.  However, to the extent a response is necessary, Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits only that is a limited liability company conducting business in Ohio.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Paragraph 10 is not directed to the Answering Defendant such that no response is required.  However, to the extent a response is necessary, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Paragraph 11 is not directed to the Answering Defendant such that no response is required.  However, to the extent a response is necessary, Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Paragraph 12 is not directed to the Answering Defendant such that no response is required.  However, to the extent a response is necessary, Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Paragraph 13 is not directed to the Answering Defendant such that no response is required.  However, to the extent a response is necessary, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Paragraph 14 is not directed to the Answering Defendant such that no response is required.  However, to the extent a response is necessary, Defendant denies the allegations

contained in Paragraph 14 of Plaintiff's Complaint.

15. Paragraph 15 is not directed to the Answering Defendant such that no response is required. However, to the extent a response is necessary, Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant restates and reavers Paragraphs 1 through 23 of its Answer as if fully rewritten herein.

25. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants denies any allegation not specifically admitted herein.

39. Defendants deny Plaintiff is entitled to the relief sought in the WHEREFORE clause of Plaintiff's Complaint.

**SECOND DEFENSE**

40. Defendant affirmatively alleges, in the alternative, that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

41. Defendant affirmatively alleges, in the alternative, that service of process upon Defendant was improper as a matter of law.

**FOURTH DEFENSE**

42. Defendant affirmatively alleges, in the alternative, that service of process was

insufficient as a matter of law.

**FIFTH DEFENSE**

43. Defendant affirmatively alleges, in the alternative, that Plaintiff has failed to join all necessary parties for a just adjudication of the captioned matter, including those parties who may possess a subrogated interest in this matter.

**SIXTH DEFENSE**

44. Defendant affirmatively alleges, in the alternative, that the claims asserted in Plaintiff's Complaint are barred by the applicable statute of limitations.

**SEVENTH DEFENSE**

45. Defendant affirmatively alleges, in the alternative, that it owed no duty to Plaintiffs as a matter of law.

**EIGHTH DEFENSE**

46. Defendant affirmatively alleges, in the alternative, that any damages allegedly sustained by Plaintiff is barred in whole or in part by his own comparative negligence.

**NINTH DEFENSE**

47. Defendant affirmatively alleges, in the alternative, that the claims set forth in Plaintiff's Complaint are barred under the doctrine of superseding and/or intervening cause.

**TENTH DEFENSE**

48. Defendant affirmatively alleges, in the alternative, that the damages allegedly sustained by Plaintiffs were caused by the acts or omissions of persons and/or entities other than Defendant, and over whose conduct Defendant had no control, right to control, responsibility, or reason to anticipate.

**ELEVENTH DEFENSE**

49. Defendant affirmatively alleges, in the alternative, that Plaintiff has failed to

mitigate their damages, if any.

**TWELFTH DEFENSE**

50. Defendant affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred as Plaintiff assumed the risk, expressly, impliedly, primarily, secondarily, or otherwise incidental to the allegations set forth in Plaintiff's Complaint.

**THIRTEENTH DEFENSE**

51. Defendant affirmatively alleges, in the alternative, to the extent payments have been made to the Plaintiff or on Plaintiff's behalf for injuries alleged, such payments must be set off against damages awarded herein.

**FOURTEENTH DEFENSE**

52. Defendant affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred because the incident in question was not foreseeable.

**FIFTEENTH DEFENSE**

53. Defendant affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred due to Plaintiff's status on Defendants property.

**SIXTEENTH DEFENSE**

54. Defendant affirmatively alleges, in the alternative, that Plaintiff's Complaint is barred because Defendants did not create the hazards complained of and/or did not have actual and/or constructive knowledge of the hazards complained of.

**SEVENTEENTH DEFENSE**

55. Defendant affirmatively alleges, in the alternative, that Plaintiff's damages, if any, are limited by the provisions of Ohio Revised Code §2315.21, as upheld by *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468 (2007).

### EIGHTEENTH DEFENSE

56. Defendant affirmatively alleges, in the alternative, that it is entitled to all protections, damage set-offs, limitation of damages, to apportion liability to co-defendants and unnamed parties, and/or apportionment of damages available by statute including, but not limited to, those available under Chapter 23 of the Ohio Revised Code, R.C. §§2323.41, 2323.43, 2307.28, 2307.22, 2307.23, and codified sections of S.B. 120, S.B. 179, and S.B. 281.

### NINETEENTH DEFENSE

57. Defendants respectfully reserve the right to amend their Answer to Plaintiff's Complaint to add such additional defenses, cross-claims, counterclaims, and/or third-party complaints as may be disclosed during the course of discovery in the captioned matter.

WHEREFORE Defendants demand that Plaintiff's Complaint be dismissed with prejudice, at Plaintiff's costs.

Respectfully submitted,

*/s/ Jessica Sanderson*
Ronald B. Lee (4957)
rlee@ralaw.com
Jessica L. Sanderson (0090181)
jsanderson@ralaw.com
Roetzel & Andress, LPA
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, OH 44114
216.623.0150

*Attorneys for Defendant AEG Presents Ohio, LLC*

**JURY DEMAND**

Defendants demand a trial by jury of the maximum number of jurors permitted by law on all issues so triable.

*/s/ Jessica Sanderson*
Jessica Sanderson

**PROOF OF SERVICE**

I hereby certify that the foregoing has been filed electronically on April 2, 2021. Notice of this filing will be sent by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's system. In addition, a copy was served via email on counsel of record as follows: Eric Henry - eric@erichenrylaw.com.

/s/ Jessica L. Sanderson
Jessica L. Sanderson (0090181)
